IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLENE SCHMITZ,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)  CIVIL ACTION 10-500-KD-M<br>)<br>)<br>)  CRIMINAL ACTION 07-365-KD-M<br>)<br>) |

**ORDER**

This action is before the Court on Petitioner Charlene Schmitz's motion and amended motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Docs. 127 & 133), memoranda in support (Docs. 136 & 140), the Government's response in opposition (Doc. 144), Petitioner's reply (Doc. 148), the Recommendation of the Magistrate Judge (Doc. 155), and Petitioner's objections thereto (Doc. 156 & 157).

After due and proper consideration of the pleadings, Petitioner's objections, all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Recommendation to which objection has been made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED as modified** as follows, as the opinion of this Court:

1) That portion of the Recommendation spanning pages 26-27 and beginning with "This Court has reviewed the trial transcript referenced by Petitioner" and ending with "Petitioner's attorney did not render ineffective assistance in failing to object to this line of questioning," wherein the Magistrate Judge finds that the Government's cross-examination of Petitioner did not violate Doyle v. Ohio, 426 U.S. 610 (1976), because the prosecuting attorney's

questions did not pertain to Petitioner's silence but rather to the silence of Petitioner's daughter,

is **STRICKEN and REPLACED** with the following:

>The Eleventh Circuit has held that "<u>Doyle</u> and its progeny mandate that a defendant's exculpatory testimony cannot be impeached by his post-<u>Miranda</u> silence on the ground that he did not give an explanation for his conduct at the time of arrest." <u>United States v. Tenorio</u>, 69 F.3d 1103, 1106 (11th Cir. 1995) (internal citations omitted). Clearly, Petitioner's testimony that Tanya confessed to having authored the internet chats with "A" was exculpatory. Less clear, however, is whether the Government impermissibly commented on Petitioner's post-<u>Miranda</u> silence by cross-examining Petitioner as to why she failed to bring Tanya to either the police or the district attorney's office once Petitioner was released from jail and informed of her daughter's involvement.[1]
>
>Though the Eleventh Circuit has suggested in dicta that "both logic and common sense dictate that 'silence' is more than mere muteness," <u>United States v. Rivera</u>, 944 F.2d 1563, 1569 (11th Cir. 1991), and also that "there is no definite outer boundary in determining what types of nonverbal conduct or demeanor, whether assertive or nonassertive, a prosecutor may permissibly comment on

---

[1] The trial transcript indicates that the prosecutor did not inquire into why Petitioner failed to *tell* the police about her daughter's confession; rather, the prosecutor asked why Petitioner did not *physically present* Tanya to the authorities so that Tanya herself could exculpate her mother:

> Q. Okay. You knew there was computer evidence against you?
> A. Yes.
> Q. And your daughter told you she was responsible for that?
> A. Yes.
> Q. And that was back in June, the end of June?
> A. Correct.
> Q. So you immediately took her to the police, right?
> A. I did not.
> Q. You did not? That would have exonerated you, right?
> A. I don't know if it would have or not.
> Q. And you took it to the DA?
> A. No, ma'am.
> Q. Because that would have exonerated you, right?
> A. I do not know.

(Doc. 104, Tr. 326-27).

without running afoul of the dictates of Miranda," id., Petitioner has failed to cite, and this Court has not found, any precedent or authority likening the exercise of a defendant's right to remain silent with a defendant's failure to either direct the government to witnesses who possess exculpatory knowledge or otherwise disclose exculpatory evidence to the government before trial.

Ultimately, the Court need not reach this apparent issue of first impression because, even if Petitioner's nonverbal act of failing to bring Tanya to the authorities could be equated with or construed as a manifestation of protected silence, Petitioner has failed to demonstrate, as she must, that the government induced her silence by assuring her that her silence would not be used against her. See Branch v. Sec'y, Fla. Dep't of Corr., 638 F.3d 1353, 1355 (11th Cir. 2011) ("Because the giving of Miranda warnings from an officer or agent of the state is an essential element of a Doyle violation, as Fletcher [v. Weir, 455 U.S. 603 (1982),] makes clear, a habeas petitioner seeking relief on that ground has the burden of proving that warnings were given."); see also United States v. Magdaniel-Mora, 746 F.2d 715, 723 (11th Cir. 1984) ("[A]rrest alone is not sufficient to implicate due process considerations; only the giving of a Miranda warning or an equivalent affirmative assurance raises a fundamental fairness issue."). Petitioner's motion and objections repeatedly refer to her "post-Miranda silence," see, e.g., Doc. 139-1 at 20; Doc. 157 at 12), but Petitioner has not cited any evidence to support her implied assertion that she was Mirandized before Tanya accepted responsibility for the internet chats. The Eleventh Circuit has held that a district court clearly erred in assuming that a defendant was read his Miranda rights where that assumption had no basis in the record. Branch, 638 F.3d at 1356. Indeed, when asked on cross-examination why she did not bring Tanya to the police, Petitioner testified that her lawyer had advised her not to discuss the case with anyone and that she was distrustful of law enforcement. (Doc. 104, Tr. 327); Petitioner did not claim that her refusal to speak or failure to act was induced by the government.

Notwithstanding the foregoing, even if Petitioner could establish that the prosecutor's questions violated Doyle, the Court would find that the questions amounted to harmless error. "A Doyle violation is harmless if the error had no 'substantial and injurious effect or influence in determining the jury's verdict.'" United States v. Miller, 255 F.3d 1282, 1285 (11th Cir. 2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)). In this case, the prosecution's questions as to why Petitioner did not bring Tanya to the police or the DA were merely cumulative of the prosecution's earlier cross-examination of Tanya herself, who was asked repeatedly about her failure to "go to the police" or to "tell the police" that she, and not Petitioner, was responsible for the internet chats. (Doc. 104, Tr. 296 & 311).[2] Accordingly, Petitioner's attorney did not render ineffective

---

[2] The protections of Doyle extend only to a Mirandized criminal defendant, not to third parties such as Tanya. See United States v. Johns, 734 F.2d 657, 665 (11th Cir. 1984) (policy reasons underlying Doyle do not apply to cross-examination of non-defendant); Brown v. Smith, No. 84 Civ. 1652 (WCC), 1986 WL 2767, at *7 (S.D.N.Y. Feb. 26, 1986) ("Unlike impeachment of a

assistance by failing to object on <u>Doyle</u> grounds to the prosecutor's questioning of Petitioner or by failing to move for a judgment of acquittal on the basis of a supposed <u>Doyle</u> violation.

2) That portion of the Recommendation spanning pages 29-30 and beginning with "The Court notes that business records are admissible pursuant to Fed.R.Evid. 803(6)" and ending with "it was not ineffective for her attorney not to object to it," wherein the Magistrate Judge finds that certain chat conversations were admissible as business records, is **STRICKEN and REPLACED** with the following:

> A reasonable jury could have found that the Petitioner was a chat participant. Thus, the statements were offered and admitted as admissions by a party-opponent, which is not hearsay. Fed. R. Evid. 801(d)(2)(A). Petitioner's attorney did not render ineffective assistance by failing to lodge what would have been a meritless objection to the admission of this evidence.

It is **ORDERED** that Petitioner's Motion to Vacate and Amended Motion to Vacate (Docs. 127 & 133) be **DENIED** and that this action be **DISMISSED**. It is **FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the **5th** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

criminal defendant on the basis of his post-arrest, post-<u>Miranda</u> warning silence, . . . there was no fundamental unfairness in questioning the witness about his prior silence.").