IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLENE SCHMITZ,<br>　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | )<br>)<br>)　CIVIL ACTION NO. 10-500-KD-M<br>)<br>)<br>)　CRIMINAL ACTION NO. 07-365-KD-M<br>)<br>) |

ORDER

This action is before the Court on the "Motion to Take Mandatory Judicial Notice under Fed.R.Evid. 201(c)(2) and to Set Aside Judgment under Fed.R.Civ.P. 60(B)(3)&(4)" (Doc. 165) filed by Petitioner Charlene Schmitz ("Schmitz"), a federal prisoner proceeding *pro se*, along with the Government's Response in opposition (Doc. 167) and Schmitz's Reply (Doc. 169) to said Response.[1] Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Schmitz moves that the Court vacate its Order dated March 5, 2012 (Doc. 158), in which the Court adopted the Report and Recommendation of the Magistrate Judge (Doc. 155) with modifications and denied Schmitz's habeas petition filed pursuant to 28 U.S.C. § 2255. Upon consideration, the Court finds that Schmitz's motion is due to be **DENIED**.

The Eleventh Circuit affirmed Schmitz's convictions on direct appeal on April 6, 2009 (Doc. 119), and the Supreme Court dismissed Schmitz's petition for a writ of certiorari (Doc. 124 at 2). Schmitz then filed the above-mentioned habeas petition *pro se*, which the Court

---

[1] Schmitz also filed a Motion to Clarify (Doc. 170), seeking to correct/clarify her Rule 60(b) motion and Reply to reflect that 1) the Court's Order (Doc. 158) which she wishes to have set aside is dated March 5, 2012, and 2) that she signed and mailed her Reply on March 19, 2013. Said motion is **MOOT**, as a review of Schmitz's filings indicates that neither of these points requires clarification or correction.

denied (Doc. 158). The Eleventh Circuit denied Schmitz a Certificate of Appealability, and on March 18, 2013, the Supreme Court denied certiorari (Doc. 168).

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). The Eleventh Circuit has explained this limited basis as follows:

> The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," id. at 529, 125 S. Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529-30, 125 S. Ct. at 2646.
>
> The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532, 125 S. Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. Id.

Id. at 1293-94.[2]

Schmitz claims three grounds for relief in support of her motion. The Court finds that it has jurisdiction to consider all three, as they all appear to attack alleged defects in the integrity of Schmitz's habeas proceeding. The Court addresses each in turn.

First, Schmitz claims that, after her petition for a writ of certiorari on direct appeal was filed in September 2009, "the prosecution" and/or the Court suppressed, in "late October 2009,"

---

[2] Though the Supreme Court in Gonzalez v. Crosby "explicitly limit[ed] its consideration to state prisoner cases[,]" the Eleventh Circuit has held "that the [Rule 60(b) ]standard announced in Gonzalez applies to federal prisoner cases as well." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012).

2

an opinion by another judge of this district in another criminal case, United States v. Nelson, Case No. 1:07-cr-281-CG-B, ("the Nelson ruling") by moving it from the "public docket" to the "Court Use Only docket," and that she has been unable to access the opinion since it was removed from the public docket.³ She further claims that this "suppressed" opinion is relevant to her objection at trial that her indictment was defective, which the undersigned denied, because it reached an opposite conclusion with regard to a similar issue. Such actions, she argues, are an example of the prosecution usurping the authority of, and thus "emasculat[ing,]" the Court (Doc. 165 at 5 (citing Gilbert v. United States, 640 F.3d 1293, 1336 (11th Cir. 2011) (Hill, J., dissenting)) and constituting defects in the integrity of her habeas proceedings warranting relief under Rule 60(b)(3) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]").

The Court finds that Schmitz is due no relief as to this claim. Setting aside the contention that the U.S. Attorney's Office somehow possesses power over the Court's docket to remove court orders from public viewing at will, a review of the record indicates that Schmitz referenced the substance of the Nelson ruling in two of her memoranda in support of her habeas petition (Docs. 136 at 15, 148) and in her objection (Doc. 157 at 5-6) to the Magistrate Judge's Report and Recommendation. Thus, any "suppression" of the ruling on the Court's docketing system did not prevent Schmitz from presenting it for consideration in her habeas proceeding. Regardless, neither this Court, the Eleventh Circuit, nor the Supreme Court is required to

---

³ On August 30, 2010, Schmitz filed a motion to compel production the docket of the Nelson case, among other items. (Doc. 126). On January 20, 2011, the Magistrate Judge denied the motion, finding that had not shown good cause for allowing the requested discovery. (Doc. 145). On March 1, 2011, Schmitz filed a motion to compel the Clerk of Court to produce certain documents from the docket of the Nelson case. (Doc. 149). The Magistrate Judge denied that motion in an endorsed order without explanation. (Doc. 151).

consider the Nelson ruling as it relates to Schmitz's case, as "[t]he opinion of a district court carries no precedential weight, even within the same district." United States v. Cerceda, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam).

Schmitz next argues that the Court failed to consider the issues raised in her supplemental memorandum entitled "Ground II of III: Ineffective Assistance of Counsel" (" 'Ground II' memorandum") (Doc. 139) before dismissing her habeas petition, thus entitling her to relief under Rule 60(b)(4) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding [because ] the judgment is void[.]" This is evident, she argues, because "the court's Order adopting, with modifications, the magistrate jduge's [sic] recommendation, is void of any reference to a review of Doc. 139" and because "[n]othing in the Court's Doc. 158 reflects a de nove [sic] review by the district judge of Schmitz's INEFFECTIVE ASSISTANCE claims." (Doc. 165 at 6). This argument appears to hinge on the fact that said memorandum was not specifically referenced as being "before the Court" along with Schmitz's other habeas filings in the first paragraph of Court's Order denying her habeas petition. (See Doc. 158 at 1). However, the memorandum (Doc. 139) was referenced multiple times as being considered in the Magistrate Judge's Report and Recommendation (Doc. 155), which the Court adopted with modifications "[a]fter due and proper consideration of the pleadings, Petitioner's objections, [and ]**all portions of this file deemed relevant to the issue raised**[.]" (Doc. 158 at 1 (emphasis added)). Moreover, the Court's modifications to the Report and Recommendation both concerned issues raised in Schmitz's "Ground II" memorandum. As the record adequately reflects that Schmitz's "Ground II" memorandum was considered, the Court finds this claim to be without merit.

Schmitz's third argument, in which she also requests relief under Rule 60(b)(4), is that the "Court abused its discretion when it failed to make a finding on the claim that Schmitz's attorney rendered ineffective assistance when he did not object at trial to the prosecution's use of unadopted, hearsay statements from the chats, allegedly written by the minor, as truth of the matter asserted." (Doc. 165 at 7). Said claim was raised by Schmitz in Section AA of her "Ground II" memorandum (Doc. 139-1 at 22-23). However, as Schmitz herself notes, the Court, in adopting the Magistrate Judge's Report and Recommendation, modified the section addressing this claim to include findings that the chats were properly admitted as "admissions by a party-opponent, which is not hearsay" under Rule 801(d)(2)(A) of the Federal Rules of Evidence, and that therefore Schmitz's trial counsel was not ineffective for failing to make "what would have been a meritless objection to the admission of this evidence." (Doc. 158 at 4). In other words, the Court found that because the chats were not hearsay under the Federal Rules of Evidence, they were properly be admitted to prove the truth of the matters asserted in them, and Schmitz's counsel was not ineffective for failing to object to admissible evidence. The Court finds that it specifically and adequately addressed the issues raised in Section AA of Schmitz's "Ground II" memorandum before denying her habeas petition. Therefore, Schmitz is due no relief under Rule 60(b) on this claim either.

Because the Court has found that Schmitz is not entitled to relief on any issue raised in her motion, the Court **DENIES** as moot her request that the Court take judicial notice of facts pursuant to Rule 201 of the Federal Rules of Evidence.

In accordance with these determinations, it is **ORDERED** that Schmitz's Rule 60(b) motion (Doc. 165) is **DENIED**. It is further **ORDERED** that Schmitz is not entitled to a Certificate of Appealability on any issue raised in said motion and, therefore, is not entitled to

5

appeal *in forma pauperis*.  See Williams, 510 F.3d at 1294 ("[S]ubsequent to the Supreme Court's decision in Gonzalez, we have confirmed that '[i]t is still the law of this circuit that a "certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." ' " (quoting Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir. 2006) (quoting Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004))).

**DONE** and **ORDERED** this the **15th** day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**